DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Sandusky County Court of Common Pleas which granted summary judgment to appellee, Roberta Faulkner. For the reasons stated herein, this court affirms the judgment of the trial court.
In his assignment of error, appellant, Virgil Faulkner, argues that the trial court erred by granting summary judgment to appellee. This court finds no merit in this assignment of error. The following facts are relevent to this appeal. On May 18, 1998, appellant filed a complaint against appellee and others setting forth allegations of false arrest. On December 16, 1998, appellee filed a motion for summary judgment, and on January 11, 1999, appellant filed a memorandum in response. On February 3, 1999, the trial court granted summary judgment to appellee. Appellant filed a timely notice of appeal.
In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl.Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The requisite elements for false arrest[1] are (1) a detention of the person, and (2) an unlawful detention. The key to an inquiry into the legality of an arrest and detention is the validity of the arrest warrant. The complaint upon which the arrest warrant here was issued was filed by a police officer of the Clyde Police Station and charged appellant with domestic violence.
Where the affidavit or complaint upon which an arrest warrant is based is sufficient in law in that it sets forth facts which could conceivably constitute a criminal offense, and the court issuing the warrant had jurisdiction over the offense and the person, then that warrant cannot serve as the basis for a charge of false imprisonment. Brinkman v. Drolesbaugh (1918),97 Ohio St. 171.
In his appellate brief, appellant argues that his arrest was undertaken without probable cause and "thus, gives rise, inferentially, to a finding of malice." However, appellant's complaint set forth a claim for false arrest. As stated by the Ohio Supreme Court in Brinkman, supra, at paragraph two of the syllabus:
 "False imprisonment per se is not concerned with good or bad faith, malicious motive or want of probable cause on the part of the prosecuting witness, or the officer causing the imprisonment. If the imprisonment was lawful, it is not the less lawful that any or all of the foregoing elements existed. These elements relate to an action of malicious prosecution, but are not essential to an action in false imprisonment."
The trial court correctly granted appellee summary judgment on appellant's false arrest claim.
Accordingly, appellant's assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J. _______________________________
JUDGE
James R. Sherck, J.
_______________________________
Mark L. Pietrykowski, J. JUDGE
CONCUR.
_______________________________
JUDGE
[1] In Rogers v. Barbera (1960), 170 Ohio St. 241, 243-244, quoting 22 American Jurisprudence (1939) 353, False Imprisonment, Sections 2 and 3, the Ohio Supreme Court noted:
 "` * * * [F]alse arrest and false imprisonment as causes of action are indistinguishable. The only distinction lies in the manner in which they arise. * * *
"` * * *
 "`An action for false imprisonment is closely akin to the actions for malicious prosecution, abuse of process and vexatious suit. * * * Although malicious prosecution and false imprisonment are frequently confused, the distinction between them is fundamental. In the case of malicious prosecution, as in abuse of process, valid process justifies restraint or imprisonment, and the gist of the cause of action is malice or evil intent. * * * A suit for false arrest or false imprisonment is the proper action where the aggrieved party is arrested without legal process, or under a void process; but where the process on which the arrest is made is regular on its face, but is sued out maliciously and without probable cause, the remedy is an action for malicious prosecution.'" (Emphasis deleted.)